## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF NORTH CAROLINA
### Civil Action No. 1:26-cv-00296

| | |
|---|---|
| JOSHUA SMITH and KURT JOHNSON, individually and on behalf of all others similarly situated, | ) ) ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) COLLECTIVE ACTION COMPLAINT |
| | ) |
| NORTH EAST CABARRUS VOLUNTEER FIRE DEPARTMENT & COMMUNITY CENTER, INC., | ) ) ) |
| | ) |
| Defendant. | ) |
| | ) |

Plaintiffs, Joshua Smith ("Smith") and Kurt Johnson ("Johnson") (collectively "Plaintiffs"), individually and on behalf of all other similarly situated employees, by and through counsel, brings claims as a Collective Action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, against North East Cabarrus Volunteer Fire Department & Community Center, Inc. ("Defendant"), and alleges, upon personal belief as to themselves and their own acts, and as for all other matters, upon information and belief, and based upon the investigation made by their counsel, as follows:

### NATURE OF PLAINTIFFS' CLAIMS

1.      This lawsuit seeks to recover unpaid overtime wages and statutory penalties for Plaintiffs and similarly situated co-workers who work or have worked for Defendant and performed more than 40 hours of work in a workweek without being properly compensated at the overtime premium rate.

2. Plaintiffs bring this action on behalf of themselves and all similarly situated employees who elect to opt-in to this action pursuant to 29 U.S.C. § 216(b) to remedy violations of the FLSA by Defendant.

## THE PARTIES

3. Smith is an adult individual who is a resident of China Grove, North Carolina.

4. Johnson is an adult individual who is a resident of Concord, North Carolina.

5. Defendant is a domestic non-profit corporation registered and in good standing in the state of North Carolina.

## JURISDICTION AND VENUE

6. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 for claims brought under the FLSA, 29 U.S.C. §§ 201 *et seq.*

7. This Court has personal jurisdiction because Defendant's primary place of business is located in Cabarrus County, North Carolina, which is within this judicial district.

8. Venue is proper in this judicial district under 28 U.S.C. § 1391 because Defendant's primary place of business is in this district, and because the unlawful acts or omissions alleged occurred in Cabarrus County, North Carolina, which is within this judicial district.

## COVERAGE ALLEGATIONS

9. At all times hereinafter mentioned, Defendant has been an employer within themeaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

10. At all times hereinafter mentioned, Defendant has been an enterprise within

themeaning of Section 3(r) of the FLSA 29 U.S.C. § 203(r).

11.     At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that the enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that the enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000.

12.     At all times hereinafter mentioned, Plaintiffs were employees within the meaning of the FLSA, 29 U.S.C. § 203(e).

13.     At times hereinafter mention, Plaintiffs were employees engaged in interstate commerce within the meaning of 29 U.S.C. § 207(a). During their employment with Defendant, Plaintiffs operated emergency vehicles and equipment produced and transported in interstate commerce, traveled on interstate highways and roads, and used goods and materials moved in interstate commerce.

## PLAINTIFFS' FACTUAL ALLEGATIONS

14.     Defendant is a non-profit volunteer fire department that provides firefighting services to parts of Cabarrus County, North Carolina.

15.     Defendant's Board of Directors and Officers are selected independently of government decision-makers.

16.     Defendant hires employees directly and at its own discretion. Defendant

employs both paid staff and volunteer firefighters.

17.     Plaintiffs and the Collective are individuals who work and have worked for Defendant as Firefighters[1] during the three-year statutory period preceding the filing of this Complaint.  Amongst other things, Plaintiffs and the Collective all share similar training, job descriptions, job tasks, and are subject to the same compensation and time recording policies and procedures.

18.     Plaintiffs and the Collective were all paid an hourly rate of pay and were non-exempt employees under the FLSA.

19.     Smith began his employment with Defendant as a Driver in or about January 2021.  Smith's primary job responsibilities included driving and operating emergency vehicles, including fire trucks and support vehicles.  During his employment, Defendant promoted Smith to the volunteer rank of Assistant Chief.  Smith's employment ended with Defendant on October 7, 2025, when he voluntarily resigned.

20.     Johnson began his employment with Defendant as a Firefighter in or about January 2022.  Johnson's employment ended with Defendant on April 25, 2025, when he voluntarily resigned.

21.     Defendant employed Plaintiffs during the FLSA's statutory period preceding the filing of this Complaint.

22.     Defendant paid Plaintiffs and the Collective an hourly rate of pay.

---

[1] The term "Firefighter" as used in this Complaint encompasses the ranks of Assistant Chief, Driver, Firefighter, and any other position, however named, that Defendant classified as non-exempt under the FLSA and paid an hourly rate of pay.

23. Throughout their employment with Defendant, Plaintiffs and the Collective received biweekly paychecks from Defendant that did not properly record or compensate them for all overtime hours that they worked.

24. Plaintiffs' paystubs and timecards did not properly record or compensate Plaintiffs for all overtime hours worked. All hours worked, including hours in excess of 40 in a workweek, and paid at the regular hourly rate of pay.

25. During the relevant time period, Defendant created monthly schedules based on employees' submitted availability. Defendant scheduled Plaintiffs and the Collective to work shifts of varying lengths, including 12-hour day shifts (typically 7:00 a.m. to 7:00 p.m.), 12-hour night shifts (typically 7:00 p.m. to 7:00 a.m.), and 24-hour shifts combining both day and night shifts.

26. Plaintiffs and the Collective regularly worked more than 40 hours in a workweek throughout their employment with Defendant.

27. Defendant failed to pay Plaintiffs and the Collective an overtime premium rate of pay of one and one-half times their regular rate for all hours worked in excess of 40 in a workweek. Instead, Defendant paid Plaintiffs at their straight-time hourly rate for all hours worked, regardless of whether they worked more than 40 hours in a workweek.

28. Defendant's timekeeping records consistently recorded all hours worked as "Regular Pay," with no separate overtime pay code or overtime premium designation, even when employees worked well in excess of 40 hours in a single workweek.

29. By way of example, during the pay period of April 14, 2024 through April

27, 2024, Smith worked 56 hours in the first week (April 14–20) and 60 hours in the second week (April 21–27), for a total of 116 hours over the two-week pay period. Smith worked 16 hours of overtime in the first week and 20 hours of overtime in the second week, for a total of 36 overtime hours during this pay period. However, Defendant paid Smith only at his straight-time rate of $14.00 per hour for all 116 hours worked. Therefore, Defendant failed to pay Smith approximately $252.00 ($7.00 x 36 = $252) in overtime premiums for this pay period alone.

30. As another example, during the pay period of August 4, 2024 through August 17, 2024, Smith worked 71.50 hours in the first week (August 4–10) and 69 hours in the second week (August 11–17), for a total of 140.50 hours over the two-week pay period. Smith worked 31.50 hours of overtime in the first week and 29 hours of overtime in the second week, for a total of 60.50 overtime hours during this pay period. However, Defendant paid Smith only at his straight-time rate of $14.00 per hour for all 140.50 hours worked. Therefore, Defendant failed to pay Smith approximately $423.50 ($7.00 x 60.50 = $423.50) in overtime premiums for this pay period alone.

31. As a further example, during the pay period of May 12, 2024 through May 25, 2024, Smith worked 60 hours in the first week (May 12–18), including 20 hours of overtime. However, Defendant paid Smith only at his straight-time rate for all 60 hours worked. Therefore, Defendant failed to pay Smith approximately $140.00 ($7.00 x 20 = $140.00) in overtime premiums for this workweek.

32. The examples listed above are representative of Defendant's systematic

practice of failing to pay overtime premiums to Plaintiffs and the Collective for every, or nearly every, workweek in which they worked more than 40 hours.

33.     Defendant's violations of the FLSA were willful.  Defendant knew, and was aware at all times, that Plaintiffs and the Collective were not paid for all overtime hours worked because Plaintiffs complained to Defendant about not being paid overtime correctly in violation of the FLSA.  Specifically, Smith raised the issue of unpaid overtime with Chief Chris Brown ("Chief Brown") on at least two occasions—first in approximately 2021 shortly after beginning his employment, and again in approximately May or June 2025.  Chief Brown responded to these complaints by stating that Defendant did not have to pay overtime because it is a nonprofit fire department and therefore exempt from overtime requirements under the FLSA.  Chief Brown further stated that Defendant "can't afford to pay it."  Johnson similarly complained about not being paid overtime and was told by management that Defendant "just doesn't" pay overtime or "didn't have to." Additionally, Chief Brown regularly approved timecards for Plaintiffs and the Collective that clearly reflected more than 40 hours worked in a workweek, yet all hours were recorded and paid at the straight-time rate with no overtime premium designation.

34.     The conduct alleged above reduced Defendant's labor and payroll costs.

35.     Defendant willfully failed to pay Plaintiffs and the Collective the overtime premium required by the FLSA.

36.     Plaintiffs and the Collective were subject to Defendant's uniform policies and practices and were victims of Defendant's scheme to deprive them of overtime

7

compensation.  As a result of Defendant's improper and willful failure to pay Plaintiffs and the Collective in accordance with the requirements of the FLSA, Plaintiffs and the Collective suffered lost wages and other related damages.

**<u>FLSA COLLECTIVE ACTION ALLEGATIONS</u>**

37.  Plaintiffs bring this collective action on behalf of themselves and all others similarly situated pursuant to 29 U.S.C. § 216(b) to recover unpaid overtime wages, liquidated damages, and other damages related to Defendant's violation of the FLSA.

38.  Plaintiffs pursue the requested relief on behalf of the following individuals ("the Collective"):

> **All individuals who currently work, or have worked, for Defendant as a Firefighter at Defendant's Cabarrus County, North Carolina location at any time within the preceding 3 years from the date of filing the complaint.**

39.  Plaintiffs are members of the Collective they seek to represent because they were employed by Defendant during the relevant period, routinely suffered or were permitted to work more than 40 hours per week, as described above, and were not paid at the FLSA's mandated overtime premium rate for all time they worked over 40 hours per workweek.

40.  Defendant engaged in common schemes to avoid paying Plaintiffs and the Collective overtime pay when they worked in excess of 40 hours per week by failing to pay them overtime wages.

41.  Plaintiffs and the Collective are similarly situated and this action may be properly maintained as a collective action because:

8

a. Plaintiffs and the Collective were all paid under the same compensation structure;

b. Plaintiffs and the Collective were subject to the same work rules, policies, and procedures;

c. Plaintiffs and the Collective worked in excess of 40 hours per week during one or more workweeks while employed by Defendant without being paid for all overtime hours worked; and

d. Defendant maintained common timekeeping and payroll systems and policies with respect to Plaintiffs and the Collective.

42. Defendant encouraged, suffered, and permitted Plaintiffs and the Collective to work more than forty (40) hours per week without proper overtime compensation.

43. Defendant knew that Plaintiffs and the Collective performed work that required additional overtime compensation to be paid. Nonetheless, Defendant operated under a scheme, as previously described, to deprive Plaintiffs and the Collective of overtime compensation.

44. Defendant's conduct as alleged herein was willful and caused damage to Plaintiffs and the Collective.

45. Defendant is liable under the FLSA for failing to properly pay Plaintiffs and the Collective overtime wages. Plaintiffs request that the Court authorize notice to the members of the Collective to inform them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b) for the purpose of seeking unpaid

9

overtime compensation, liquidated damages under FLSA, and the other relief requested herein.

46. Plaintiffs estimate that the Collective, including both current and former employees over the relevant period, will include approximately 8 to 10 members. The precise number of collective members should be readily available from Defendant's personnel, scheduling, time, and payroll records as part of the notice and "opt-in" process provided by 29 U.S.C. § 216(b). Given the composition and size of the Collective, its members may be informed of the pendency of this action directly via U.S. mail and e-mail.

<u>**COUNT I**</u>
**(Failure to Pay Overtime Wages Under the FLSA for all Overtime Hours Worked)**

47. Plaintiffs reallege and incorporate by this reference all the paragraphs above in this Complaint as though fully set forth herein.

48. Defendant operates an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. § 203(r)(1), and is engaged in commerce within the meaning of Section 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A).

49. FLSA Section 207(a)(1) states that an employee must be paid an overtime rate, equal to at least 1½ times the employee's regular rate of pay, for all hours worked in excess of 40 hours per week.

50. Throughout the relevant period, Defendant violated the FLSA by routinely suffering or permitting Plaintiffs and the Collective to work overtime hours each week without paying them premium overtime pay at the correct overtime pay rate and for the actual number of overtime hours worked.

10

51. Throughout the relevant period, Plaintiffs and the Collective each worked in excess of 40 hours per week during one or more workweeks but were not paid an overtime premium of 1½ times their regular hourly rate for all of those additional hours.

52. Defendant's actions described in this Complaint violated the FLSA.

53. Defendant's actions were willful and not in good faith.

54. Plaintiffs and the Collective have been harmed as a direct and proximate result of Defendant's unlawful conduct because they have been deprived of overtime wages owed for time worked in excess of 40 hours per week from which Defendant derived a direct and substantial benefit.

55. Defendant is liable to Plaintiffs and the Collective for actual damages, liquidated damages, and equitable relief pursuant to 29 U.S.C. § 216(b) as well as reasonable attorneys' fees, costs, and expenses.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, individually and on behalf of all others similarly situated, by and through their attorneys, demand judgment against Defendant and in favor of Plaintiffs and all others similarly situated, for a sum that will properly, adequately, and completely compensate Plaintiffs and all others similarly situated for the nature, extent and duration of their damages, the costs of this action and as follows:

A. Order the Defendant to file with this Court and furnish to counsel a list of all names, telephone numbers, e-mail addresses, and home addresses of all Firefighters who have worked for the Defendant within the last three years;

B. Authorize Plaintiffs' counsel to issue notice via U.S. Mail and e-mail at the earliest possible time to all Firefighters who worked for the Defendant within

11

the last three years, informing them that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit if they were deprived of overtime compensation, as required by the FLSA;

C. Certify Plaintiffs' FLSA claims as a collective action;

D. Declare and find that the Defendant committed one or more of the following acts:

   i. Violated provisions of the FLSA by failing to pay overtime wages to Plaintiffs and similarly situated persons who opt-in to this action;

   ii. Willfully violated provisions of the FLSA;

E. Award compensatory damages, including all overtime pay owed, in an amount according to proof;

F. Award liquidated damages on all compensation due accruing from the date such amounts were due;

G. Award all costs and reasonable attorneys' fees incurred prosecuting this claim;

H. Grant leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and

I. For such further relief as the Court deems just and equitable.

Dated: March 11, 2026

Respectfully Submitted,

/s/ Corey M. Stanton
Philip J. Gibbons, Jr., NCSB #50276
Corey M. Stanton, NCSB #56255
**GIBBONS LAW GROUP, PLLC**
6135 Park South Drive, Suite 510
Charlotte, North Carolina 28210
Telephone: (704) 612-0038
Email: phil@gibbonslg.com
        corey@gibbonslg.com

*Attorneys for Plaintiff*

12